# THE LIZZIE WILLIAMS.

*(District Court, D. Massachusetts. April 21, 1882.)*

SEAMEN'S WAGES.—FISHING VOYAGE—ATTACHMENT.

The wages of a seaman cannot be attached by trustee process before the voyage on which they are earned is terminated.

Libel *In Rem* for Wages.

*J. M. Browne*, for libellant.

*Brown & Swett*, for claimant.

NELSON, D. J. The libellant, Lawrence Deloroy, alleges that on the eighth of June, 1881, at Wellfleet, in this district, he shipped in the schooner Lizzie Williams, on her then destined fishing voyage to such waters as might be determined upon by her master, at a lay of one-half line; that the schooner proceeded upon her fishing voyage; that he continued on board as a seaman and fisherman, agreeably to his fishing contract, until about the twentieth day of October, 1881; that on the voyage a large quantity of fish was taken and has since been sold, and his share of the proceeds of the sale is $75; and that he has demanded payment of his share and it has been refused.

Albert H. Harding, of Wellfleet, master and part owner of the schooner, appeared as claimant, and filed an answer in which he admitted that the libellant shipped on board the Lizzie Williams at the time and place set out in the libel, and thereafter sailed in the schooner on a fishing voyage until he left her, on the twentieth of October, 1881; that the libellant shipped upon the half-line lay, whereby his compensation depended upon the profits or result of the voyage; and that at the time the libellant left the schooner his share of the profits of the voyage remaining unpaid was $84. The answer further set forth that before the voyage was finished, and before the libellant had made demand upon the claimant, and before the filing of the libel, to-wit, on the seventeenth day of October, 1881, the funds of the libellant in the hands of the claimant were attached ·by the service upon him of a trustee writ in the suit of one Washington F. Pierce against the libellant in an action of contract, returnable before a trial justice of the county of Barnstable; that service of the writ was also made upon the libellant; that the suit had been entered in court, and was pending, and both the libellant and the claimant had appeared and filed answers; and that the libellant, before filing his libel, knew that the claimant had been served with the trustee writ. A copy of the trustee writ is annexed to the answer. The claimant relied upon the pendency of the trustee suit as a defence to the libel.

It is not necessary for the decision of this case to consider whether a seaman's lien on the vessel for wages earned on a fishing voyage, or his right to sue for them in the admiralty, is lost or suspended by an attachment of his wages by trustee process in a court of common law; for, assuming that wages so earned are not exempt from attachment, it is still very clear that the libellant's wages cannot be held by the trustee process set up in the answer. It is the settled law of Massachusetts that the wages of a seaman cannot be attached by trustee process before the voyage on which they are earned is terminated. Until then they remain uncertain and contingent, and it is only a debt that is due absolutely and without depending on any contingency, that by the law of Massachusetts is attachable in this form. Mass. Pub. St. c. 183, § 34; *Wentworth* v. *Whittemore*, 1 Mass. 471; *Taber* v. *Nye*, 12 Pick. 105; 2 Dane, Abr. 463; Cushing, Trustee Process, 38.

As the trustee writ was served before the voyage was finished, the wages due the libellant when the libel was filed were not covered by the attachment in the trustee suit.

. Decree for the libellant for $84 and costs.